## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHERYL KLAVER,

     *Plaintiff*,

v.

VIAJES Y YATES LLC,

     *Defendant*.

Civil Action No. _____

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff CHERYL KLAVER brings this action complaining of Defendant VIAJES Y YATES LLC and would respectfully show the following:

### INTRODUCTION

1.     CHERYL KLAVER ("Ms. Klaver") brings this cause of action against Defendant VIAJES Y YATES LLC in order to recover the damages suffered due to emotional and physical injuries and other economic damages suffered and endured by Ms. Klaver as a consequence of the negligent acts of Defendant in operating their vessel in an unsafe manner ("the Vessel"). This case is brought under the General Maritime Law.

### PARTIES

2.     Plaintiff is a citizen and resident of the State of New York.

3.     Defendant is a limited liability company and its sole member is Jairo Andrès Portillo Tovar. Upon information and belief, Jairo Andrès Portillo Tovar is a citizen and resident of the State of New Mexico. Defendant may be served with process upon its registered agent for service, **NORTHWEST REGISTERED AGENT, INC., 2201 MENAUL BLVD NE, STE A, Albuquerque, New Mexico 87107.**

1

**JURISDICTION AND VENUE**

4.       This Court has diversity jurisdiction pursuant to 28 U.S.C § 1332. Ms. Klaver is a

citizen of New York and Defendant is a citizen of New Mexico, and the amount in controversy

exceeds $75,000.

5.       Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendant

is domiciled in the State of New Mexico and is therefore subject to personal jurisdiction of the

courts in this district.

**FACTUAL BACKGROUND**

6.       On or about August 9, 2023, Ms. Klaver was in Cartagena, Colombia with her

husband on vacation.

7.       On or about August 9, 2023, Ms. Klaver was a passenger aboard Defendant's "Day

Tour to the Rosario Islands in Cartagena, Columbia" on its Vessel with a 10-passenger capacity

("the Vessel").

8.       On or about August 9, 2023, there were well above 10 passengers aboard the Vessel

on the boat tour with Ms. Klaver.

9.       At all times relevant, the Vessel was owned and operated by Defendant.

10.      On the return trip of the boat tour, Ms. Klaver was unable to sit in a passengers seat

on the Vessel because it was at full capacity, and she was forced to sit on a bench at the highest

point of the bow, without back support or any safety equipment.

11.       Once the Vessel reached deep water, Defendant's Captain increased its speed such

that the Vessel was traveling twice the speed of other, similar tour boats in the surrounding waters.

12.      Defendant's Captain recklessly followed another boat at a high speed and drove

into its wake, causing the Vessel to catch air. Ms. Klaver was propelled out of her seat and slammed

2

back down, after which she flew across the vessel into a cooler, causing injuries to her back.

13.     Due to the impact, Ms. Klaver felt a sharp pain in her back and lower body when she attempted to walk and was forced to get down on all fours to deal with the severe pain.

14.     After the impact, Ms. Klaver crawled to the opposite side of the bow and laid in a fetal position for fifteen minutes. Despite having full view of the incident, the Captain did not slow down the Vessel, nor did the deckhand on board signal the Captain to do so until he noticed blood coming from Ms. Klaver's knee.

15.     Upon arrival to the dock in Cartegena, Colombia, no medical care was provided to Ms. Klaver. Seeing that Ms. Klaver stayed on all fours, her husband took a cushion from the Vessel for her to kneel on; however, the cushion was promptly retrieved by the Vessel's deckhand.

16.     Ms. Klaver was required to call an ambulance to transport her to a local hospital, where she received an x-ray and CAT scan that revealed a compression fracture at the L-1 vertebrae and a bone fragment protruding near the neural canal.

17.     After spending nine days at the hospital, Ms. Klaver was medevacked to Broward Health Medical Center in Fort Lauderdale, Florida.

18.     Once Ms. Klaver arrived in Florida, she received an MRI which confirmed the protruding bone fragment noted by the hospital in Colombia. In addition, the compression fracture was revealed to be a burst fracture.

19.     Since the incident, Ms. Klaver continues to experience unbearable pain in her back, hips, legs, and body generally.

### FIRST CAUSE OF ACTION—NEGLIGENCE

20.     The allegations of the ¶¶1-19 are incorporated by reference as though fully set forth herein.

3

21.     Defendant's acts and omissions constitute negligence and negligence per se in that the operator/Captain of the Vessel, was under Defendant's control, supervision and/or entrustment failed to exercise ordinary care in operating the Vessel, which caused Ms. Klaver to be violently thrown out of her seat and suffer serious injuries. Defendant's negligence was a factual and proximate cause of Ms. Klaver's injuries.

## SECOND CAUSE OF ACTION—GROSS NEGLIGENCE

22.     The allegations of the ¶¶1-21 are incorporated by reference as though fully set forth herein.

23.     Defendant's acts and omissions constitute gross negligence in that the driver of the Vessel under Defendant's control, supervision and/or entrustment was reckless in failing to exercise ordinary care in operating the Vessel. Defendant's acts and omissions caused Plaintiff to be violently thrown out of her seat and suffer serious injuries. Defendant's gross negligence was a factual and proximate cause of Plaintiff's injuries.

## DAMAGES

24.     Defendant's acts and omissions caused Plaintiff to sustain actual damages. Ms. Klaver is entitled to be compensated for the personal injuries and damages sustained, as well as the resulting legal damages. Ms. Klaver has sustained physical pain and mental anguish and in reasonable probability will continue to suffer physical pain and mental anguish in the future. Ms. Klaver has suffered and in reasonable probability will continue to suffer physical impairment and disfigurement in the future.

25.     Ms. Klaver has suffered a loss of earning capacity in the past and in reasonable probability is expected to suffer a loss of earning capacity in the future. Because of the nature and severity of the injuries, Ms. Klaver required medical treatment in the past and will, in reasonable

probability, require additional medical treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question. As a result of Defendant's conduct, Ms. Klaver has sustained damages in excess of the minimum jurisdictional limits of this Court.

26.    Ms. Klaver is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

**DEMAND FOR JURY TRIAL**

27.    Pursuant to the Seventh Amendment and Fed. R. Civ. P. 38, Ms. Klaver demands a trial by jury of all triable issues in this case.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Ms. Klaver prays that upon final trial therein, Ms. Nazario recovers the damages as specified above from Defendant, in excess of $1,000,000, plus costs of court, pre-judgment and post-judgment interest at the legal rate, reasonable attorneys' fees, and such other and further relief, general and special, at law and in equity, to which Plaintiff may show herself justly entitled under the facts and circumstances.

Dated this 21st day of September, 2023.

Respectfully submitted,

**WEEMS HAZEN LAW**

*/s/ Dathan Weems*
Dathan L. Weems
106 Wellesley Dr SE
Albuquerque, NM 87106
Phone: (505) 247-4700
dathan@weemshazenlaw.com

**DOYLE DENNIS LLP**

MICHAEL PATRICK DOYLE
Texas Bar No. 06095650
*Pro Hac Vice to be submitted*
PATRICK M. DENNIS
Texas Bar No. 06095650
*Pro Hac Vice to be submitted*
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax:  (713) 571-1148
service@doylelawfirm.com

**ATTORNEYS FOR PLAINTIFF
CHERYL KLAVER**

6